UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.T., a minor, by and through his Guardian ad Litem L.T.,<br><br>Plaintiff,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; PLACER COUNTY OFFICE OF EDUCATION; PLACER COUNTY CHILDREN'S SYSTEM OF CARE; KD ASHTON; BECKY BRAVO; PETER BALDO; LIZ LEE; CINDY STONE; RENEE VERDUGO; MARY BOEHM; CHRISTY CARTER; WENDY DEVORE; DONNA KEARNS; LISA HEWITT; TAMMY PETERSON; STEPHANIE DILBECK; JEN ROGERS; VALERIE MILLER; DAVID MOUL; DEBBIE CANNON; JUDY BENNEY; REBECCA RATEKIN; CARLEY ROSE JACKSON; LAURI McNALLY; SANDRA MORE; and DOES 1–30,<br><br>Defendants. | No. 2:16-cv-02925-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff A.T., a minor represented by his guardian ad litem L.T., brings claims against Defendants Dry Creek Joint Elementary School District, Placer County Office of Education, Placer County Children System of Care (collectively, the "Institutional Defendants"), as well as several of their employees (collectively, the "Individual

1

Defendants") based on alleged abuse he suffered while a student at Secret Ravine School. He brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the Institutional Defendants, while his claims against the Individual Defendants are brought under 42 U.S.C. § 1983. Now before the Court are Defendants' Motions to Dismiss for Failure to State a Claim. ECF Nos. 10, 40–41.[1] For the reasons that follow, those motions are GRANTED. Furthermore, because Plaintiffs' ADA and § 504 claims are time-barred, the dismissal of those claims is with prejudice.

## BACKGROUND[2]

In 2005, shortly after beginning kindergarten at Cobblestone Elementary School, which is located in non-party Rocklin Unified School District, Plaintiff was referred for special education after being diagnosed with attention deficit hyperactivity disorder and bipolar disorder. Toward the end of the 2004–2005 school year, Rocklin Unified convened an individualized education program ("IEP") meeting to determine whether Plaintiff was eligible for special education and related services. The IEP determined that he was. After Plaintiff's behavior grew more and more inappropriate and after three more IEP meetings, Plaintiff was placed in a non-public school pending his admission to a program operated by Defendant Placer County Office of Education. Plaintiff was eventually placed at Secret Ravine School, which is operated by the Placer County Office of Education, in February 2006. By the end of the 2006–2007 school year,
///

---

[1] Counsel representing Dry Creek and the Placer County Office of Education and their employees filed two separate motions to dismiss ("MTDs"). For clarity of citations, the memoranda supporting these motions will be referenced as "First PCOE MTD," ECF No. 11, and "Second PCOE MTD," ECF No. 40-1. The memorandum filed in support of the MTD made on behalf of the Placer County Children System of Care and its employees will be referenced as "CSOC MTD." ECF No. 44.

[2] Unless otherwise noted, the allegations in this section are drawn directly, and at times verbatim, from Plaintiff's Complaint. ECF No. 1.

Plaintiff moved within the boundaries of Defendant Dry Creek Joint Elementary School District.

Placement at Secret Ravine also required another IEP meeting, in which Plaintiff's father signed a document authorizing "therapeutic containment." Therapeutic containment was defined as "placing the student on the floor and holding him until he has regained control." Compl., ECF No. 1, ¶ 47 (emphasis removed). That document authorized such containment when "external control are unsuccessful and a student's behavior is escalating to such a degree that there is a clear and present danger of bodily harm to self or other or property damage." Id. (emphasis removed). It also states that it would be used "only when it is clear that any less restrictive interventions would prove ineffective in controlling the student" and that Plaintiff's parents would be notified of the use of any such restraint. Id. (emphasis removed).

In August 2009, however, Plaintiff's parents requested his records and discovered that the school had repeatedly restrained and isolated Plaintiff without informing his parents. On November 19, 2010, Plaintiff's parents requested an administrative hearing before the Office of Administrative Hearings for the State of California ("OAH"), alleging that the Institutional Defendants denied Plaintiff a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). On March 28, 2011, OAH issued a Decision by Settlement, ordering the parties to implement a settlement agreement.

Over five years later, on December 14, 2016, Plaintiff filed the instant action, alleging the Institutional Defendants denied him statutory rights on the basis of his disability and that the Individual Defendants violated his constitutional rights.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and

construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citation omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3 (citation omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94–95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

**A.     Claims Against the Individual Defendants Under § 1983**

Plaintiff's first and second causes of action are made against the Individual Defendants, claiming that they violated Plaintiff's Fourth and Fourteenth Amendment rights by subjecting him to unreasonable force and by subjecting him to a state-created danger. Defendants move to dismiss those causes of action, arguing that the Complaint is "not sufficient to put the Individual Defendants on notice of which allegations are directed against them and to permit them to properly respond to these allegations." CSOC MTD, at 9; see also First PCOE MTD, at 8 (challenging the specificity of the allegations against the Individual Defendants); Second PCOE MTD, at 4 (same). In response, Plaintiff argues that it is "reasonable to infer that during the 112+ episodes of

physical restraint . . . at least one and . . . likely two or more of the individual non-supervisory Defendants were involved." Pl.'s Opp'n to MTDs, ECF No. 49, at 14. Furthermore, he argues that requiring greater specificity in the complaint would set "a standard far beyond even fact-pleading requirements." Id. Plaintiff, however, misapprehends the Rule 8(a)'s requirements.

To state a claim under § 1983, a plaintiff must allege that a defendant caused a deprivation of the plaintiff's rights while acting under color of state law. 42 U.S.C. § 1983; see also West v. Atkins, 487 U.S. 42, 48 (1998). "[A] government official . . . may be held liable under [§] 1983 only when his or her own actions have caused a constitutional deprivation." Sanchez v. Riverside Cnty. Code Enf't Agency, Case No. EDCV 15-2493 SJO(JC), 2016 WL 6810798, at *2 (C.D. Cal. Oct. 1, 2016) (citing OSU Student All. v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012)). Furthermore, "the plaintiff must . . . 'set forth specific facts as to each individual defendant's' actions which violated his or her rights." Martinez v. Muniz, Case No. 14-cv-03753-HSG (PR), 2016 WL 3208398, at *13 (N.D. Cal. June 10, 2016) (quoting Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988)).

Accordingly, allegations that make it "likely two or more of the individual, non-supervisory Defendants were involved," Pl.'s Opp'n to MTDs, at 14, are insufficient. First, Plaintiff sweeps several supervisory individuals in as Defendants, yet provides no argument that the claims against them are adequately pleaded. Indeed, "§ 1983 suits do not allow for the imposition of vicarious liability." Starr v. Baca, 652 F.3d 1202, 1206 (9th Cir. 2011). Instead, "stating a claim against a government official in his or her individual capacity . . . requires pleading that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. (quoting Iqbal, 556 U.S. at 676).

Second, though Plaintiff is correct that "[t]here is no need to allege 'who did what and when' 112 individual times," Pl.' Opp'n to MTDs, at 14, he must show that it is plausible that each of the Individual Defendants violated his constitutional rights. He

6

cannot simply plead facts that make it likely that "at least one" did. While Plaintiff provides details of the alleged acts that deprived him of his constitutional rights, he provides only threadbare allegations of who deprived him of those rights. Thus, Defendants' MTDs are GRANTED with respect to Plaintiff's first and second causes of action.[3]

### B. Claims Under the ADA and § 504

Defendants next claim that the third, fourth, and fifth causes of action are all time-barred. Neither the ADA nor § 504 have their own statute of limitations. See Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (ADA); Alexopulos v. S.F. Unified Sch. Dist., 817 F.2d 551, 554 (9th Cir. 1987) (§ 504). Thus, the forum state's most analogous statute of limitations applies. Dep't of Educ. v. Carl D., 695 F.2d 1154, 1157 (9th Cir. 1983). The parties do not dispute that California's two-year statute of limitations for personal injury actions applies, as provided in California Code of Civil Procedure § 335.1. They do, however, dispute whether minority tolling applies. Plaintiff's cause of action accrued, at the latest, when he exhausted his administrative remedies in 2011. See J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 570 F. Supp. 2d 1212, 1223 (E.D. Cal. 2008) (finding that § 504 claims based on the IDEA tolled during the IDEA administrative process). Because he filed this action over five years later, Plaintiff's ADA and § 504 claims are time-barred unless California's minority tolling also applies to his causes of action.

When a federal court borrows the applicable statute of limitations from state law, it borrows "also the rules for its tolling, unless to do so would be 'inconsistent with the federal policy underlying the cause of action under consideration.'" Alexopulos, 817 F.2d at 555 (quoting Bd. of Regents v. Tomanio, 446 U.S. 478, 485 (1980)). California Code of Civil Procedure § 352(a) provides that causes of action that accrued during a plaintiff's minority are tolled until he or she reaches the age of majority.

---

[3] Defendants also argue that the Individual Defendants are entitled to qualified immunity. See First PCOE MTD, at 9; Second PCOE MTD, at 5; CSOC MTD, at 11. Because the claims against the Individual Defendants are insufficiently pleaded, the Court does not address the issue.

7

Defendants claim that California's minor tolling is inconsistent with the federal policies underlying claims that "are educational in nature and could have been brought by the minor's parent at an earlier date." CSOC MTD, at 7; see also First PCOE MTD, at 5. In making this argument, Defendants rely on Alexopulos as well as a district court case, Mullin v. Las Lomitas Elementary Dist., No. 03-5268 MMC, 2004 WL 2848021 (N.D. Cal. Apr. 13, 2004), which applied Alexopulos to circumstances analogous to the instant case.

In Alexopulos, the plaintiffs were a disabled student and his mother, who made claims under the Education of the Handicapped Act ("EHA")—the forerunner to the IDEA[4]—based on the student's exclusion from public school. 817 F.2d at 553, 555. The Ninth Circuit held that California's minor tolling did not apply to those claims because it would "undercut" the EHA's policy of "assur[ing] that representatives of handicapped children would promptly assert the children's educational rights." Id. The Ninth Circuit determined that Congress "did not intend to authorize filing of claims on behalf of or by the children many years after the alleged wrongdoing occurred." Id. at 556.

In Mullin, similar to the instant case, the student plaintiff brought suit under both § 504 and the ADA. 2004 WL 2848021, at *1. The court applied Alexopulos to hold that § 352's minor tolling provision did not apply to those claims. Id. at *5. The court articulated three reasons for its holding. "First, as with the IDEA, parents and guardians of disabled children have standing, in their own right, to seek relief under [§ 504] and the ADA against school districts, as well as on behalf of their children." Id. Second, because "the procedural protections available under the IDEA are granted to parents and guardians of disabled children" and "those rights must be invoked before a cause of action can be stated for relief under [§ 504] or the ADA," the court found that "[a]llowing a disabled student to wait years to challenge the decisions of a school district would run

---

[4] Plaintiff faults Defendants for relying on Alexopulos because it "was based on the predecessor statute to [the] IDEA." Pl.'s Opp'n, at 10. Plaintiff provides no substantive reasons, however, for why this distinction affects its applicability. Cf. Fry v. Napoleon Cmty. Schs., 137 S. Ct. 743, 750 n.1 (2017) (treating the IDEA and the EHA interchangeably).

8

contrary to federal policy encouraging 'prompt resolution' of claims concerning the provision of free public education to disabled children." Id. Finally, the court was concerned that if minor tolling applied, "a school district in California . . . 'could be held hostage'" for up to fifteen years for § 504 and ADA claims. Id. (quoting Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 119 n.8 (1st Cir. 2003)). The reasoning of Mullin is equally applicable to the instant case and thus California's minor tolling is unavailable for Plaintiff's ADA and § 504 claims.

Plaintiff attempts to distinguish these two cases based on "the fact that the [§ 504] and ADA claims here seek compensatory relief, not prompt provision of educational services." Pl.'s Opp'n to MTDs, at 8. This argument is unavailing; Alexopulos made no such distinction between past and future harms. Indeed, the plaintiffs' claims in Alexopulos were all seeking compensation for past harms. Plaintiff also points to other circuits that have applied other states' minority tolling provisions in similar circumstances. See, e.g., Bishop v. Children's Ctr. for Developmental Enrichment, 618 F.3d 533, 538 (6th Cir. 2010) ("Ohio's tolling provisions apply to [the plaintiff]'s claims because . . . the Rehabilitation Act's goal of protecting individuals with handicaps from discrimination is not undermined by allowing minority tolling." (citation omitted)). This argument is also unavailing. Regardless of other circuits' analysis of the IDEA and other states' minor tolling statutes, the Ninth Circuit's decision in Alexopulos controls. Plaintiff's § 504 and ADA claims are all premised on the denial of access to public education, and accordingly, applying § 352's minor tolling would be inconsistent with the IDEA's policies.

Defendants' motions are therefore GRANTED as to Plaintiff's third, fourth, and fifth causes of action. Additionally, because they are barred as a matter of law, those causes of action are dismissed with prejudice.

///

///

///

**CONCLUSION**

For the reasons provided, Defendants' Motions to Dismiss, ECF Nos. 10, 40–41, are GRANTED. Because they are barred as a matter of law, the dismissal of Plaintiff's third, fourth, and fifth causes of action are with prejudice. However, the dismissal of Plaintiffs' first and second causes of action is without prejudice. Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is filed within twenty (20) days of the date this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: June 16, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE