UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.T., a minor, by and through his Guardian ad Litem L.T.,<br><br>Plaintiff,<br><br>v.<br><br>DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT; PLACER COUNTY OFFICE OF EDUCATION; PLACER COUNTY CHILDREN'S SYSTEM OF CARE; KD ASHTON; BECKY BRAVO; PETER BALDO; LIZ LEE; CINDY STONE; RENEE VERDUGO; MARY BOEHM; CHRISTY CARTER; WENDY DEVORE; DONNA KEARNS; LISA HEWITT; TAMMY PETERSON; STEPHANIE DILBECK; JEN ROGERS; VALERIE MILLER; DAVID MOUL; DEBBIE CANNON; JUDY BENNEY; REBECCA RATEKIN; CARLEY ROSE JACKSON; LAURI MCNALLY; SANDRA MORE; and DOES 1–30,<br><br>Defendants. | No. 2:16-cv-02925-MCE-DB<br><br>**ORDER** |

Plaintiff A.T., a minor represented by his guardian ad litem L.T., brings claims against Defendants Dry Creek Joint Elementary School District, Placer County Office of Education ("PCOE"), Placer County Children System of Care ("CSOC"), as well as

1

several individually-named PCOE and CSOC employees ("PCOE Defendants" and "CSOC Defendants," respectively) based on alleged abuses he suffered while a student at Secret Ravine School. Plaintiff's First Amended Complaint ("FAC") (ECF No. 69) alleged two causes of action against Defendants under 42 U.S.C. § 1983: (1) denial of his civil rights; and (2) injury due to a state created danger. Upon consideration of Defendants' Motions to Dismiss these claims (ECF Nos. 72, 73), the Court issued an Order on June 20, 2018 (ECF No. 86) finding, inter alia, that Defendants were entitled to qualified immunity to Plaintiff's second cause of action, but not the first. Order, ECF No. 86, at 11:26-27, 12:5-7. On July 19, 2018, PCOE Defendants[1] filed an interlocutory appeal with the Ninth Circuit Court of Appeals with respect to this Court's rejection of their claim for qualified immunity to the first cause of action. See ECF No. 93.

Presently before the Court is PCOE and CSOC Defendants' unopposed Motion to Stay (ECF No. 98),[2] seeking to pause all proceedings in this case pending a decision by the Ninth Circuit on PCOE Defendants' interlocutory appeal. Plaintiff filed a Statement of Non-Opposition with respect to the motion. ECF No. 104. PCOE Defendants' appeal of this Court's qualified immunity ruling automatically stays all further proceedings on the first cause of action as to them. See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). Here, after the automatic stay, the only remaining claim is the first cause of action against the other Defendants, which arises out of the same set of facts as to the PCOE Defendants.

A court may stay proceedings pending before it where interests of judicial economy make a stay appropriate. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). This power stems from the court's inherent ability to control the disposition of cases on

---

[1] "PCOE Defendants" include individually named Defendants Peter Baldo, Judy Bennie, Mary Boehm, Becky Bravo, Debbie Cannon, Stephanie Dilbeck, Lisa Hewitt, Valerie Miller, Sandra Moore, Cyndi Stone, Jen Rogers, Christy Carter, Kathleen Ashton, Donna Kearns and Elizabeth Lee, all of whom are former or current employees of the PCOE.

[2] PCOE Defendants originally moved separately from Defendants Wendy Devore, Carley Rose Jackson, Lauri Mcnally, David A. Moul, Tamatha S. Peterson, Rebecca L. Ratekin, and Renee Verdugo (collectively "CSOC Defendants"). However, the CSOC Defendants later joined in PCOE Defendants' Motion to Stay. See ECF No. 100.

its docket. Landis, 299 U.S. at 254. A stay may be prudent where resolution of another case "may have a substantial impact" on the pending matter. Doyle v. OneWest Bank, N.A., 2015 WL 4605776 at *3 (C.D. Cal. May 21, 2015). In determining the propriety of such a stay, courts look to issues of judicial economy and the prejudice to either party that may result if the stay is granted or denied. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Whether to issue a stay in this regard is a decision necessarily relegated to the court's discretion. Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Considering Plaintiff's non-opposition to the instant Motion, and in the interest of judicial economy, the Court finds good cause to stay the remaining proceedings pending a decision by the Ninth Circuit Court of Appeals on PCOE Defendants' interlocutory appeal of the Court's June 20, 2018 Order (ECF No. 86). Accordingly, the Motion to Stay (ECF No. 98) is GRANTED.[3] Not later than every sixty (60) days after the date this Order is electronically filed, the parties shall submit in writing a joint status report advising the Court of the status of the PCOE Defendants' interlocutory appeal to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: November 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230.

3