UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.T., a minor, by and through his Guardian ad Litem L.T., | No. 2:16-cv-02925-MCE-DB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, PLACER COUNTY OFFICE OF EDUCATION, PLACER COUNTY CHILDREN SYSTEM OF CARE, and the following individuals, who are named in their individual capacities: KD ASHTON, BECKY BRAVO, PETER BALDO, LIZ LEE, CINDY STONE, RENEE VERDUGO, MARY BOEHM, CHRISTY CARTER, WENDY DEVORE, DONNA KEARNS, LISA HEWITT, TAMMY PETERSON, STEPHANIE DILBECK, JEN ROGERS, VALERIE MILLER, DAVID MOUL, DEBBIE CANNON, JUDY BENNEY, REBECCA RATEKIN, CARLEY ROSE JACKSON, LAURI MCNALLY, SANDRA MOORE, and DOES 1-30, | |
| Defendants. | |

Through this action, Plaintiff A.T., a minor, by and through his Guardian ad Litem L.T. ("Plaintiff"), alleges that, *inter alia*, Placer County Office of Education ("PCOE") Defendants Peter Baldo, Judy Bennie, Mary Boehm, Becky Bravo, Debbie Cannon,

1

Stephanie Dilbeck, Lisa Hewitt, Valerie Miller, Sandra Moore, Cyndi Stone, Jen Rogers, Christy Carter, KD Ashton, Liz Lee, and Donna Kearns (collectively "PCOE Defendants") were liable for injuries to A.T. while he was a special education student at Secret Ravine School ("Secret Ravine").  Presently before the Court is Plaintiff's Motion to Set Aside Judgment filed on April 08, 2020.  Mot. to Set Aside Judgment, ECF No. 119 ("Motion").  PCOE Defendants filed a timely opposition to the motion.  Opp'n, ECF No. 123.  Plaintiff timely filed a reply.  Reply, ECF No. 126.  For the reasons set forth below, Plaintiff's Motion to Set Aside Judgment is DENIED.[1]

## BACKGROUND[2]

This case was initiated in this Court on December 14, 2016.  Underlying this matter are allegations – all under federal law – that Plaintiff was subject to unlawful physical restraints and seclusions while a special education student at Secret Ravine. PCOE Defendants, along with other defendants, filed a Motion to Dismiss the original Complaint and/or Motion for a More Definite Statement as to all causes of action and raised qualified immunity as a defense.  On June 16, 2017, the Court issued a Memorandum and Order, dismissing the original Complaint's Third, Fourth, and Fifth Causes of Action against the Public Entities, with prejudice.  This Court dismissed Plaintiff's First and Second Causes of Action against PCOE Defendants and other defendants, without prejudice, for failing to state a claim, permitting leave for Plaintiff to amend.

Plaintiff filed his First Amended Complaint ("FAC") on July 31, 2017, re-asserting the First and Second Causes of Action contained in the original Complaint against PCOE Defendants.  ECF No. 69, FAC ¶¶ 135-150.  PCOE Defendants filed a Motion to Dismiss

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  ECF No. 121; see E.D. Cal. Local R. 230(g).

[2] The procedural background is taken, sometimes verbatim, from PCOE Defendants' Opposition brief.  ECF. No. 123.  No material facts are disputed.

1  the FAC as to the remaining two causes of action.  ECF Nos. 73, 74.

2       On June 20, 2018, the Court issued a Memorandum and Order granting PCOE Defendants' motions as to the Second Cause of Action but denying the motions as to the First Cause of Action under 42 U.S.C. § 1983 for alleged violations under the Fourth Amendment.  ECF No. 86.  The Second Cause of Action was dismissed with prejudice.  ECF No. 86, at 12.  PCOE Defendants again based their motion to dismiss on a theory of qualified immunity, which this Court rejected.  See ECF No. 74, at 9-13; ECF No. 86.  Plaintiff thereafter filed a Second Amended Complaint setting forth his claims, consistent with the Court's order on the motions to dismiss. See ECF Nos. 88, 90.

     On July 18, 2018, PCOE Defendants filed an interlocutory appeal of the June 20, 2018 to the Ninth Circuit Order denying their motion to dismiss Plaintiff's First Cause of Action based on qualified immunity.  ECF Nos. 91, 93.  This case was thereafter stayed pending outcome of the appeal.  ECF No. 105.

     On December 24, 2019, the Ninth Circuit reversed this Court, holding that PCOE Defendants were entitled to qualified immunity.  ECF No. 111.  The Ninth Circuit issued its Mandate on January 15, 2020.  ECF No. 112.  On January 22, 2020, this Court issued a Minute Order dismissing PCOE Defendants with prejudice in light of the Ninth Circuit's reversal.  ECF No. 113.  On February 21, 2020, Plaintiff filed a Motion to Lift Stay Following Appeal.  ECF No. 115.  The Court granted the Motion to Lift Stay on its own motion on April 6, 2020.  ECF No. 118.  On April 8, 2020, Plaintiff filed the instant Motion to Set Aside the Judgment (ECF No. 119), which PCOE Defendants now oppose.

**STANDARD**

Rule 60(b) allows a district judge to provide relief from final judgment on the grounds of "(4) the judgment is void; . . . or . . . (6) any other reason that justifies relief."  Fed. R. Civ. Proc. 60(b)(4), (6).  "A motion under Rule 60(b) must be made within a

3

reasonable time . . . ." Id. at 60(c)(1).³  Further, under the Local Rules, when an application for reconsideration –

> is made upon the same or any alleged different set of facts, counsel shall present to the Judge . . . what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion.

Cal. E.D. Local Rule 230(j)(3-4).

"Federal Rule of Civil Procedure 60(b)(4) expressly allows for final judgments to be declared void in some circumstances . . . .  But the scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported." Hoffmann v. Pulido, 928 F.3d 1147, 1151 (9th Cir. 2019) (citations omitted).  "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010).  "A judgment is not void, for example, simply because it is or may have been erroneous." Id. (citing Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)) (internal quotation marks omitted).  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271.  Rule 60(b)(4) may be appropriate when, for instance, a district court dismisses a case during the pendency of an interlocutory appeal while the district court was divested of jurisdiction. See, e.g., Williams v. Brooks, 996 F.2d 728, 730 (5th Cir. 1993).

Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993).  "To receive relief under Rule 60(b)(6), a party must demonstrate

---

³ PCOE Defendants do not appear to challenge the timeliness of this Motion, and the Court finds no reason to believe that the motion is untimely. See Briley v. Hidalgo, 981 F.2d 246, 249 (5th Cir. 1993) ("[T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable . . . .") (citing Wright & Miller, Federal Practice and Procedure: Civil, § 2862, 197-98 (1973)).  The matter will thus not be discussed further.

'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)) (alteration original). While a change in law may suffice as an extraordinary circumstance, it generally will not in preference of finality. See, e.g., Priester v. JP Morgan Chase Bank, N.A., 927 F.3d 912, 913 (5th Cir. 2019); Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 277 (3d Cir. 2002); *see also* Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996). A 60(b)(6) motion "is addressed to the discretion of the district court." 11 Wright & Miller, Federal Practice and Procedure § 2864 (3d ed.) (collecting cases).

**DISCUSSION**

**A. This Court's Judgment Was Not Void When Entered**

Plaintiff avers:

> By the Court's own order, it lacked power over the proceedings until its stay [was] lifted. Without jurisdiction to enter a judgment over the "subject matter" . . . of qualified immunity for the PCOE Defendants during the pendency of a stay, the judgment is void and must be set aside pursuant to FRCP 60(b)(4).

Motion at 4.

Plaintiff appears to base this belief on three arguments: (1) there was an automatic stay over the first cause of action (regarding PCOE Defendants' qualified immunity), so the Court could not act on that cause of action pending appeal; (2) the Court's own stay prevented court action until the stay was lifted; and (3) the entry of judgment dismissing PCOE Defendants following the Ninth Circuit memorandum deprived Plaintiff's procedural due process rights. *See* Motion at 3-4. Each is addressed in turn.

Plaintiff states that during the interlocutory appeal to the Ninth Circuit on the topic of PCOE Defendants' qualified immunity, the divestiture of this Court's authority over the

1  case was "automatic" until the appellate court resolved the matter.  Motion at 3 (citing,
2  *inter alia*, Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992)); see also Order Granting
3  Stay ("Stay"), ECF No. 105, at 2 (acknowledging the automatic stay as to the first cause
4  of action against PCOE Defendants).  Plaintiff acknowledges that the Court did retain
5  power to address ancillary matters and maintain the status quo, but he insists that the
6  Court could "not finally adjudicate substantial rights directly involved in the appeal."
7  Motion at 3-4 (quoting Neary v. Padilla, 222 F.3d 1184, 1190 (9th Cir.2000)) (emphasis
8  omitted).  Yet, Plaintiff next concedes that once the Ninth Circuit issued its mandate, the
9  Court resumed jurisdiction over the case.  Motion at 4 (citing In re Marino, 234 B.R. 767,
10 770 (B.A.P. 9th Cir. 1999)); see, e.g., Kusay v. United States, 62 F.3d 192, 194 (7th Cir.
11 1995) ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the
12 mandate returns it to the district court.").

13     Reviewing the docket, the automatic stay went into place on July 18, 2018, when
14 PCOE Defendants filed their notice of appeal.  ECF No. 91.  The Ninth Circuit's mandate
15 was issued January 15, 2020 (ECF No. 112) – i.e., the automatic stay ended that day.
16 On January 22, 2020, this Court dismissed PCOE Defendants with prejudice.  ECF No.
17 113.  Thus, nothing about the automatic stay stemming from PCOE Defendants' appeal
18 casts doubt on this timeline of events, because the Court received jurisdiction over that
19 matter on January 15, 2020.

20     Next, Plaintiff avers that the Court's own stay prevented Court action until the stay
21 was lifted.  Plaintiff correctly observes that while this Court dismissed PCOE Defendants
22 on January 22, 2020, the stay was not lifted until February 21, 2020.  ECF Nos. 113,
23 116.  Plaintiff concludes that the Court did not have jurisdiction over the question of
24 qualified immunity for PCOE Defendants until the stay was lifted, so the dismissal was
25 void under FRCP 60(b)(4).  See Motion at 4.  However, a review of the actual stay order
26 dispels such a theory.  In the order, this Court acknowledged the automatic stay as to
27 the first cause of action against PCOE Defendants because the question of qualified
28 immunity as to that legal theory was on appeal.  Stay at 2.  In "the interest of judicial

economy," the Court stayed "the <u>remaining proceedings pending a decision</u> by the Ninth Circuit Court of Appeals . . . ." Stay at 3 (emphasis added). Plaintiff's argument thus fails for two reasons. First, the stay was only regarding the "remaining proceedings," not the first cause of action against PCOE Defendants, because progress on that matter was already automatically stayed. Next, even assuming the stay impacted the first cause of action, the Order's own language allowed the Court to act once a decision was issued by the Ninth Circuit, which occurred on January 15, 2020. Even Plaintiff concedes: "If the stay as to PCOE Defendants had been lifted automatically upon the issuance of the mandate, then Plaintiff acknowledges that the judgment would not technically be void under FRCP 60(b)(4)." Reply at 6.

Finally, Plaintiff argues that dismissing PCOE Defendants without the opportunity to first address the Ninth Circuit's holding deprived him of procedural due process, meaning notice and the opportunity to be heard. Motion at 4. Because this contention is parallel to Plaintiff's 60(b)(6) argument, it is addressed below.

In conclusion, Plaintiff's assertion that the entry of judgment dismissing PCOE Defendants was void for lack of jurisdiction under FRCP 60(b)(4) is without merit. While PCOE Defendants observe that the Court could "simply re-issue the Order now that the stay has been lifted" (Opp'n at 13-14), the Court sees no need to engage in such finessing of the record for the foregoing reasons. Finally, even if an insignificant procedural timing error did occur, "it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)." <u>Oakes v. Horizon Fin., S.A.</u>, 259 F.3d 1315, 1319 (11th Cir.2001).

**B. No Extraordinary Circumstances Warrant Relief Under FRCP 60(b)(6)**

Plaintiff next avers that even if the dismissal of PCOE Defendants was not procedurally in error, it was substantively so. Plaintiff believes he "should have the right to replead given that the intervening change in law occurred in this very same case." Motion at 3; <u>see</u> Motion at 5 ("[T]here is little question that the Ninth Circuit set out a new rule of law for the alleging of constitutionally excessive physical force in the context of

7

1  students with emotional and behavioral issues."). Specifically, Plaintiff believes that he
2  should be able to replead his allegations because only now is it "abundantly clear that
3  allegations of purely punitive uses of force by school officials are needed to defeat the
4  putatively 'blanket' qualified immunity that the Ninth Circuit has seen fit to afford actions
5  taken pursuant to an IEP or other behavioral plan." Motion at 6.  Before, Plaintiff
6  contends, "pleading at such a granular level was neither required nor expected," which is
7  why "specific instances of punitive use of force were not alleged previously," even
8  though, Plaintiff contends, such instances did occur. See Motion at 6.

As to "new law," Plaintiff declares that the Ninth Circuit's decision held that "where a protective plan is in place, a student could not use incidents that were protective in nature to establish unconstitutional restraint or seizure." Motion at 5 (citing A.T. v. Baldo, 798 F. App'x 80, 85 (9th Cir. 2019)).  Plaintiff avers: "This . . . change in and refinement of the law that was heretofore unknown in the Ninth Circuit and constitutes an 'extraordinary circumstance' justifying the setting aside of the judgment." Motion at 5. Finally, Plaintiff states that a "dismissal on qualified immunity typically triggers a right to replead." Motion at 6-7 (citing Cooper v. Berkebile, No. CIV.A. 3:09-CV-0187, 2010 WL 454863, at *4 (N.D. Tex. Feb. 10, 2010)).

### 1. The Court of Appeals Did Not Create New Law

It is accurate that the Ninth Circuit opinion recognized that relatively few courts have addressed unreasonable seizures in the school setting, and "[t]his is particularly true in the specific context at issue in this case: the use of physical restraints and seclusion by school officials to address the behavioral challenges posed by a severely emotionally disturbed student." A.T., 798 F. App'x at 83; see Reply at 3.  However, the Ninth Circuit's memorandum took issue with this Court's execution and analysis regarding existing law.  See A.T., 798 F. App'x at 85.  The memorandum did not set out to create new law or establish clear boundaries in the setting of educator qualified immunity that did not exist before.  Rather, the appellate court consistently rejected Plaintiff's arguments, using terminology such as "[w]e have recognized" to assert that

8

Plaintiff's legal theories do not defeat qualified immunity based on precedential law. See Id. at 84 (emphasis added). Moreover, the fact that the panel chose not to publish its disposition undermines Plaintiff's contention that it was breaking new ground. In summary, this Court concludes that the appellate court did not create new law, but rather applied established law in a manner that this Court did not accomplish in the first instance.

### 2. Plaintiff Had Ample Opportunity to Address PCOE Defendants' Qualified Immunity Defense

From the beginning of this matter, PCOE Defendants have raised the defense of qualified immunity. See ECF No. 11, at 9-13. Plaintiff asserts that he included "no allegations of specific instances of the use of purely punitive force" in his operative complaint because such incidents "were not considered necessary to state a claim under pre-A.T. precedent." Motion at 6. Only now, post-A.T., does Plaintiff recognize the need to provide such factual assertions. Motion at 6. This argument does not withstand scrutiny.

In its second footnote, the A.T. Court provided several in-circuit cases that expressly stated that a student has a right to be free of excessive or arbitrary punitive conduct. A.T., 798 F. App'x at 83 n.2; see Preschooler II v. Clark Cty. Sch. Bd. of Trustees, 479 F.3d 1175, 1181-82 (9th Cir. 2007); Doe ex rel. Doe v. Hawaii Dep't of Educ., 334 F.3d 906, 909-10 (9th Cir. 2003); P.B. v. Koch, 96 F.3d 1298, 1301-03 (9th Cir. 1996). In other words, Plaintiff was on notice that such allegations may defeat a claim of educator qualified immunity, but he failed to assert them despite several opportunities to do so. In fact, as highlighted by PCOE Defendants, Plaintiff did cite to these same cases in his opposition to PCOE Defendants' Motion to Dismiss the first amended complaint based on qualified immunity (ECF No. 77, at 10), but the cases were factually distinguishable. See Reply at 15. To reiterate, the appellate court's decision was simply not based on novel law: "[I]n all cases in this area where Fourth Amendment violations have been found, the teacher or school official's actions clearly fell under the

rubric of 'arbitrary and excessive corporal punishment.'" A.T., 798 F. App'x at 84.

Next, Plaintiff states that a "dismissal on qualified immunity typically triggers a right to replead." Motion at 6-7 (citing Cooper v. Berkebile, No. CIV.A. 3:09-CV-0187, 2010 WL 454863, at *4 (N.D. Tex. Feb. 10, 2010); Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995)).  While not dispositive, the Court first notes that these cases are both factually distinguishable and not binding.  In Cooper, the plaintiff was a pro se prisoner, and the court spent considerable time discussing the plaintiff's failure to successfully navigate his claim through the judicial system.  See Cooper, No. CIV.A. 3:09-CV-0187, 2010 WL 454863, at *2-3.  In the instant matter, there is no question that Plaintiff is represented by accomplished and learned counsel.  Next, the Cooper Court held that "<u>when</u> a public official raises the defense of qualified immunity, the court should afford the plaintiff an opportunity to amend his complaint <u>to directly engage the assertion of qualified immunity</u> . . . ."  Id. at *4 (emphases added).  Again, no such facts exist in this case because PCOE Defendants have relied on the defense of qualified immunity from the beginning of the matter (see ECF No. 11, at 9-13), and Plaintiff has had ample opportunity to address it.[4]  Regardless, based on this Court's reading of the Ninth Circuit memorandum, setting aside judgment and granting leave to amend would not be appropriate despite Plaintiff's belief that newly asserted factual allegations would defeat qualified immunity.

### 3. The Court's Dismissal of PCOE Defendants Was Consistent with the Appellate Court's Memorandum

It is undisputed that the Ninth Circuit did not expressly instruct this Court to dismiss PCOE Defendants following the appellate court's issuance of the A.T. decision. See Opp'n at 19; Reply at 8.  Indeed, the appellate court's disposition was simply that PCOE Defendants were entitled to qualified immunity.  See A.T., 798 F. App'x at 84-85. Plaintiff thus contends that there were "no grounds for implying such a dismissal in the absence of such direction."  Reply at 8.  Nevertheless, this Court finds that dismissal was

---

[4] Schultea is distinguished for similar reasons.  See Schultea, 47 F.3d at 1429-33.

necessary based on the mandate of the appellate court.

"In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306 (1948) (collecting cases). However, a lower court may "decide anything not foreclosed by the mandate." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012) (citing Herrington v. Cnty. of Sonoma, 12 F.3d 901, 904 (9th Cir.1993)).  When the lower court is weighing issues never considered at the appellate level, the mandate requires "respect for what the higher court decided, not for what it did not decide." Id. (quoting United States v. Kellington, 217 F.3d 1084, 1093 (9th Cir.2000) (emphasis original).

Here, the Ninth Circuit's disposition was clear as to PCOE Defendants: "[W]e hold that [PCOE Defendants] are entitled to qualified immunity because they did not violate clearly established law at the time of the alleged violations." A.T., 798 F. App'x at 84. Moreover, the court went further, noting that even if PCOE Defendants knew what they were doing was morally wrong and outside Plaintiff's IEP, PCOE Defendants would still be covered by qualified immunity. Id. at 84-85. In its reversal of this Court's holding, the panel stated that the "real question in this case" was whether clearly established law in the applicable timeframe prevented PCOE Defendants from using restraints and seclusion – even if "often in excess" of Plaintiff's IEP. Id. at 85. Per the court, "the answer to that question is no." Id. Thus, as the "scope of the remand is clear" (Hall, 697 F.3d at 1067), and the allegations of "purely punitive force against Plaintiff" were never sufficiently set forth despite multiple opportunities to do so (see Motion at 6), this Court declines to find an "extraordinary circumstance" that justifies a reconsideration of its dismissal order.

///

///

///

///

11

**CONCLUSION**

In consideration of the foregoing, the Court **DENIES** Plaintiff's Motion to Set Aside Judgment, ECF. No. 119.

**IT IS SO ORDERED**.

Dated:  March 16, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE