UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.T., a minor, by and through his Guardian ad Litem L.T., | No. 2:16-cv-02925-MCE-DB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| DRY CREEK JOINT ELEMENTARY SCHOOL DISTRICT, PLACER COUNTY OFFICE OF EDUCATION, PLACER COUNTY CHILDREN SYSTEM OF CARE, and the following individuals, who are named in their individual capacities: KD ASHTON, BECKY BRAVO, PETER BALDO, LIZ LEE, CINDY STONE, RENEE VERDUGO, MARY BOEHM, CHRISTY CARTER, WENDY DEVORE, DONNA KEARNS, LISA HEWITT, TAMMY PETERSON, STEPHANIE DILBECK, JEN ROGERS, VALERIE MILLER, DAVID MOUL, DEBBIE CANNON, JUDY BENNEY, REBECCA RATEKIN, CARLEY ROSE JACKSON, LAURI MCNALLY, SANDRA MOORE, and DOES 1-30, | |
| Defendants. | |

Through this action, Plaintiff A.T., a minor, by and through his Guardian ad Litem L.T. ("Plaintiff"), alleges that, *inter alia*, Defendants Wendy Devore, Carley Rose Jackson, Lauri McNally, David A. Moul, Tamatha S. Peterson, Rebecca L. Ratekin,

1

Renee Verdugo and Placer County Children's System of Care (collectively "CSOC Defendants") were liable for injuries to A.T. while he was a student at Secret Ravine School ("Secret Ravine").  Presently before the Court is Plaintiff's Motion to Enforce Settlement filed on April 08, 2020.  ECF No. 120 ("Motion").  CSOC Defendants filed a timely opposition to the motion.  ECF No. 122.  Plaintiff timely filed a reply.  ECF No. 125.  For the reasons set forth below, Plaintiff's Motion to Enforce Settlement is GRANTED.[1]

## BACKGROUND

This case was filed with this Court on December 14, 2016.  Complaint, ECF No. 1.  Underlying this matter are allegations – all under federal law – that Plaintiff was subject to unlawful physical restraints and seclusions while a special education student at Secret Ravine.  Complaint at 7.  Counsel for Plaintiff and counsel for CSOC Defendants began discussing potential settlement in August or September 2019.  Motion at 1; Opp'n at 2.

On September 25, 2019, counsel for CSOC Defendants emailed counsel for Plaintiff, summarizing settlement offers and counteroffers, and emphasizing that CSOC Defendants' role in the matter was perhaps more limited than other named defendants.  See Motion, Ex. 1.  On October 31, 2019, counsel for CSOC Defendants emailed Plaintiff's counsel to "memorialize" an offer apparently discussed over the phone.  CSOC Defendants offered to settle for $250,000, and Plaintiff countered at $535,000.  Motion, Ex. 2.  Roughly a month later, on December 6, 2019, Plaintiff's counsel emailed counsel for CSOC Defendants purporting to accept an offer of $325,000 "to resolve the case as to your clients specifically."  Motion, Ex. 3.  Plaintiff's counsel continued: "We will await review of the settlement agreement you indicated you would provide."  Motion, Ex. 3.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs (ECF No. 121).  E.D. Cal. Local R. 230(g).

2

That same day, CSOC Defendants' counsel replied: "Thank you, Ryan.  I will provide you with a draft settlement agreement as indicated below next week."  Motion, Ex. 4.

On December 12, 2019, counsel for CSOC Defendants emailed counsel for Plaintiff "a draft settlement agreement for your review."  Motion, Ex. 5.  CSOC Defendants' counsel noted that she intentionally left blank information on the payee and informed Plaintiff's counsel that Eastern District Local Rule 160 required the parties to file a Notice of Settlement with this Court.  Motion, Ex. 5.  The email included the draft settlement.  Motion, Ex. 6.  The draft settlement included a "Release of Claims" (¶ 4) that included in relevant part:

> L.T. and A.T., by L.T. as Guardian ad litem, unconditionally, irrevocably, and absolutely release Placer County, PLACER COUNTY CHILDREN'S SYSTEM OF CARE, as well as any other present or former employees, agents, officers, officials, directors, agents, attorneys, affiliates, successors and assigns of the County, including but not limited to named defendants WENDY DEVORE, CARLEY ROSE JACKSON, LAURI MCNALLY, DAVID A. MOUL, TAMATHA S. PETERSON, REBECCA L. RATEKIN, and RENEE VERDUGO (collectively "Released Party" or "Released Parties"), from any and all losses, liabilities, claims, charges, demands and causes of action, known and unknown, suspected or unsuspected, arising directly or indirectly out of or in any way connected with the events forming the basis for the Dispute (collectively "Released Claims"), to the fullest extent permitted by law.

On January 3, 2020, Plaintiff's counsel emailed opposing counsel: "Please find the attached revised settlement agreement for your review."  Motion, Ex. 7.  The amended settlement agreement inserted "Lori Taylor and The Zalkin Law Firm, P.C. Attorney Client Trust Account" as the payee, where previously left blank.  Motion, Ex. 8, ¶ 3. Under "Release of Claims," Plaintiff's counsel added the following shortly after the above excerpt:

> For clarification, the Agreement is not intended to be a resolution as to all parties and/or Defendants of the Dispute. The undersigned acknowledge the Agreement only applies to the parties and/or Defendants that are signing parties to the Agreement expressly referenced in the Agreement and does not apply to any other parties and/or Defendants of the Dispute that are not signing parties not specifically referenced in the Agreement.

3

Motion, Ex. 8, ¶ 4.

On January 6, 2020, the office of CSOC Defendants' counsel emailed Plaintiff's counsel to state that the proposed changes were unacceptable to CSOC Defendants, and their previous offer of $325,000 was revoked. Motion, Exs. 9, 10, 11, 12. CSOC Defendants' counsel did not identify any particular grievances with the offered additions.

Of particular import, on December 24, 2019, just as the parties were finalizing their settlement agreement, a panel of the Ninth Circuit Court of Appeals issued a decision on an interlocutory appeal filed by other defendants in this action and holding that those co-defendants (Secret Ravine School teachers and staff members) were entitled to qualified immunity. A.T. v. Baldo, 798 F. App'x 80, 84 (9th Cir. 2019). CSOC Defendants chose not to appeal this Court's underlying ruling that qualified immunity should not attach and were thus not covered by the appellate court's decision. Motion at 5-6. Plaintiff insinuates that because qualified immunity attached to those co-defendants, CSOC Defendants now seek to back out of their own agreement with Plaintiff. The Court finds Plaintiff's current Motion persuasive and concludes that Plaintiff and CSOC Defendants had already finalized their settlement agreement when CSOC Defendants attempted to rescind.

**STANDARD**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "However, the district court may enforce only complete settlement agreements." Id. (citing Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983)). "A settlement agreement that is not in writing, or that, although written, is not executed by one party may be enforced under certain circumstances." Hess v. Hanneman, No. 14CV2271-CAB-JMA, 2017 WL 6027015, at *3-4 (S.D. Cal. Dec. 4, 2017) (collecting cases). "In the absence of a signed writing, however, the moving party

4

must demonstrate that the parties intended to be bound in the absence of a fully executed agreement." Id. (collecting cases). "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Callie, 829 F.2d at 890.

In the instant matter, neither party is clear as to if California or federal common law governs this question, though the Plaintiff does cite Botefur v. City of Eagle Point, Or. for the proposition that the "interpretation of a settlement agreement is governed by principles of state contract law." Motion at 5 (citing 7 F.3d 152, 156 (9th Cir. 1993)). There is ample authority to support the belief that federal common law applies. See, e.g., Jones v. Taber, 648 F.2d 1201, 1203 (9th Cir. 1981) ("The conditions affecting the validity of a release of significant federal rights are eminently a matter of federal law . . . ."); Gamewell Manufacturing, Inc. v. HVAC Supply, Inc., 715 F.2d 112, 115 (4th Cir.1983). However, the Ninth Circuit Court of Appeals has recently held that settlement agreements are to be governed by principles of state contract law, even if it is a federal matter to be settled. Wilcox v. Arpaio, 753 F.3d 872, 876 (9th Cir. 2014); United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992); accord Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 490 (7th Cir. 2002); Wilcher v. City of Wilmington, 139 F.3d 366, 372 (3d Cir. 1998); Maya Swimwear Corp. v. Maya Swimwear, LLC, 855 F. Supp. 2d 229, 234 (D. Del. 2012).

Where possible, courts avoid this question if the outcome will be the same under the local or federal law. See, e.g., Myles v. Nelson Staffing Sols., No. C06-07792CRB, 2007 WL 2209281, at *5 n.1 (N.D. Cal. July 30, 2007) ("The Court finds the parties' dispute [as to controlling law] immaterial to the disposition of the case. . . . [T]he critical question is whether the parties had reached agreement as to all of the material terms of the agreement and had intended to be bound by it."); Silicon Image, Inc. v. Genesis Microchip, Inc., 271 F. Supp. 2d 840, 849 (E.D. Va. 2003), *aff'd*, 176 F. App'x 109 (Fed. Cir. 2006) ("[W]hether to observe federal common law and, where helpful, California law, or whether to apply only California law, is not outcome determinative because the parties

5

have identified no conflicts with respect to the legal principles that apply here. Nor has the Court ascertained any difference . . . ."). Like its sister court, this Court finds that here, "the critical question is whether the parties had reached agreement as to all of the material terms of the agreement and had intended to be bound by it" – a question that finds the same answer under California or federal law. See Myles, No. C06-07792CRB, 2007 WL 2209281, at *5 n.1. Thus, the Court does not endeavor to resolve this ongoing debate.

## DISCUSSION

**A. Meeting of the Minds**

The parties agree that enforcement of a settlement agreement follows basic contract principles, which is consistent with both federal and state law. See, e.g., Callie v. Near, 829 F.2d 888, 891 (9th Cir.1987); Weddington Prods., Inc. v. Flick, 60 Cal. App. 4th 793, 797 (1998); Motion at 5; Opp'n at 4-6. "Like any contract, a settlement agreement is a bargain in which there must be a manifestation of mutual assent to the material terms of the agreement." Rachford v. Air Line Pilots Ass'n Int'l, 375 F. Supp. 2d 908, 937 (N.D. Cal. 2005) (citing Restatement (Second) of Contracts §§ 1, 17(1), 18). "Materiality turns on what the parties considered a fundamental part of settlement at the time of formation." E.E.O.C. v. Kidman, 244 F. App'x 70, 73 (9th Cir. 2007).

Distinguishing a contract from a non-binding agreement to make a future agreement depends on an objective review of the parties' intentions. See Hamilton v. Willms, No. CV F02+6583 AWI SMS, 2007 WL 707518, at *10 (E.D. Cal. Mar. 6, 2007) (citing federal and California authorities); Rachford, 375 F. Supp. 2d at 937 (citing E. Allan Farnsworth, Contracts § 3.6 (1982)). "Where any of the terms are left for future determination or there is a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done." Hamilton, No. CV F02+6583 AWI SMS, 2007 WL 707518, at *10.

Plaintiff avers that there was an offer and acceptance prior to CSOC Defendants sending a draft release, and the document merely memorialized the sole material terms of consideration and the scope of release. Motion at 5. According to Plaintiff, the addendum to "Release of Claims" was a simple "clarification," and thus not material. Motion at 3, 7, 9. Plaintiff emphasizes that email communications were clear that the settlement agreement encompassed only the clients of CSOC Defendants' counsel. Motion at 10; see Motion, Ex. 3 (Plaintiff's counsel to CSOC Defendants' counsel: "Please allow this email to serve as Plaintiff's acceptance of $325,000 to resolve the case as to your clients specifically.") (emphasis added).

CSOC Defendants counter that "it was always the County's expectation that there would not be a completed settlement until and if a finalized settlement agreement was executed by all parties AND the agreement was approved by the Court." Opp'n at 5 (emphasis original). CSOC Defendants aver that the communications between counsel clearly demonstrate that these were merely draft proposals, and no final contract was agreed upon. Opp'n at 5-6; see Motion, Exs. 3, 4, 5. For example, Plaintiff's counsel refers to the final exchanged draft as a "revised settlement agreement for your review." Opp'n at 6; see Motion, Ex. 7. CSOC Defendants insist that use of the terms "revised" and "review" underlined the "mutual understanding that the agreement was not final." Opp'n at 6. However, the Court finds that the parties demonstrated mutual assent to material terms and an intent to be bound in their email communications. See Donovan v. RRL Corp., 26 Cal. 4th 261, 270-71 (2001). CSOC Defendants fail to provide any evidence in support of their assertion that the agreement required full execution and court approval to be binding.

The dilemma before this Court hinges on the materiality of Plaintiff's amendments to the settlement agreement. If Plaintiff's reply to the draft settlement agreement purported to convey acceptance – but only on the condition that CSOC Defendants assented to additional, material terms – then Plaintiff's reply was actually a counteroffer. See D'Agostino v. Fed. Ins. Co., 969 F. Supp. 2d 116, 130 (D. Mass. 2013) (citing

7

Restatement (Second) of Contracts § 59 (1981)). If the terms were not material, then the settlement agreement should be enforced. See Optima Tax Relief, LLC v. Channel Clarity, Inc., No. SACV141902JLSJCGX, 2016 WL 6821108, at *4 (C.D. Cal. Jan. 21, 2016).

As Plaintiff observes, CSOC Defendants do not identify how Plaintiff's amending language was a material alteration to the draft settlement agreement. See Motion at 9. Likewise, this Court does not find the additional language to have much, if any, substantive value. Parties quibbling over the exact language to effectuate the terms of their agreed upon settlement is not material. Here, the email evidence demonstrates that the parties already agreed to the material terms of the scope of the release (CSOC Defendants) and consideration ($325,000), so what remained was memorializing that agreement in a written document. Plaintiff's addendum could not reasonably be construed as a counteroffer. See Motion, Ex. 8; cf. Restatement (Second) of Contracts § 59 (1981). This agreement is enforceable.

### B. Court Approval of the Alleged Settlement

To the extent CSOC Defendants argue in the alternative that no settlement could have been final until this Court approved of it, particularly because the settlement involved a minor, that argument is rejected. Opp'n at 6 (citing Local Rules 202(b)(2), 160). CSOC Defendants' cited authority for this proposition is inapposite and unconvincing, and the Court was unable to independently discover any source in support. The Ninth Circuit Court of Appeals has made clear that in reviewing settlement agreements impacting minors, district courts are limited to ensuring that the agreement is "fair and reasonable." Robidoux v. Rosengren, 638 F.3d 1177, 1181-82 (9th Cir. 2011). Moreover, the purpose of requiring court approval in suits brought on behalf of minors is to ensure that the minor's rights and interests are protected. See S.V v. Delano Union Elementary Sch. Dist., No. 117CV00780LJOJLT, 2020 WL 4476093, at *2 (E.D. Cal. Aug. 4, 2020) ("The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected."). To use

8

those protections as a sword against the minor would defeat those objectives.

## CONCLUSION

For the reasons just stated, Plaintiff's Motion to Enforce Settlement, ECF. No. 120, is **GRANTED**.  Not later than twenty (20) days following the date this order is electronically filed, the parties are **DIRECTED** to notice their motion for settlement approval.

**IT IS SO ORDERED**.

Dated:  March 16, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE